```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                       :
CHARLES KENYATTA JR.,                                  :
                                                       :
                              Plaintiff,               :
                                                       :    25-CV-7293 (JMF)
             -v-                                       :
                                                       :
                                                       :    MEMORANDUM OPINION
TIARA ROWSON,                                          :        AND ORDER
                                                       :
                              Defendant.               :
                                                       :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In his response to the Court's Order to Show Cause, ECF No. 7, Plaintiff Charles Kenyatta Jr. acknowledges that there is no basis for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332 because both he and Defendant Tiara Rowson are citizens of New York. He also appears to acknowledge — and certainly does not dispute — that he cannot maintain a cause of action under the Fourteenth Amendment because Defendant is not a state actor and her conduct is not "fairly attributable to the state." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). Instead, Plaintiff raises two new potential bases for the Court to exercise federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331: (1) that Defendant violated the Lanham Act, 15 U.S.C. § 1125(a); and (2) that Defendant violated the federal criminal statute that prohibits stalking, 18 U.S.C. § 2261A.

Neither claim is made in Plaintiff's Complaint and, thus, neither claim can provide a basis for jurisdiction. Moreover, the Court declines to *sua sponte* grant Plaintiff leave to amend his Complaint to add those claims. Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant plaintiffs

proceeding without counsel leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Here, the defects in Plaintiff's proposed claims are substantive, so amendment would plainly be futile.  *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

      First, amending Plaintiff's Complaint to include a Lanham Act claim would be futile because the statute requires that false descriptions be "use[d] in commerce" and "in connection with any goods or services."  15 U.S.C. § 1125(a)(1).  Here, Defendant's alleged conduct did not occur in a commercial setting, so the statute would be plainly inapplicable.  Second, amending Plaintiff's Complaint to include a claim under the federal criminal statute for stalking would likewise be futile because Section 2261A does not expressly provide a private right of action and Plaintiff provides no reason to think that Congress intended to create one.  *See Alaji Salahuddin v. Alaji*, 232 F.3d 305, 306-07, 311-12 (2d Cir. 2000) (affirming, on that basis, a district court's *sua sponte* dismissal of a civil action based on a federal criminal statute).

      As the Court previously indicated, *see* ECF No. 6, in the absence of any meritorious federal question, it declines to exercise supplemental jurisdiction over the remaining, purely state-law claims.  *See Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").  There is no clearly articulated federal interest remaining and little economy generated or convenience saved by exercising supplemental jurisdiction.  *See, e.g.*, *Xiamin Zeng v. Augustin*, No. 17-CV-9988 (JMF), 2019 WL 1284274, at *2 (S.D.N.Y. Mar. 20, 2019) (declining to exercise supplemental jurisdiction partly due to "the relatively early stage of the case").

Accordingly, the Complaint is hereby DISMISSED without prejudice to refiling the state-law claims in state court. Any pending motions are moot. **The Clerk of Court is directed to close the case.** As Plaintiff previously consented to receive electronic notice via the ECF system, *see* ECF No. 5, there is no need to mail a copy of this Order to Plaintiff.

    SO ORDERED.

Dated: October 22, 2025  
       New York, New York

                                            JESSE M. FURMAN  
                                         United States District Judge