```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CHARLES KENYATTA JR.,                                            :
                                                                 :
                          Plaintiff,                             :
                                                                 :     25-CV-7293 (JMF)
                 -v-                                             :
                                                                 :     MEMORANDUM OPINION
TIARA ROWSON,                                                    :     AND ORDER
                                                                 :
                          Defendant.                             :
                                                                 :
-----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Plaintiff Charles Kenyatta Jr., proceeding without counsel, sued Tiara Rowson for defamation, intentional infliction of emotional distress, and violation of the Fourteenth Amendment. *See* ECF No. 1 ("Compl."). By Memorandum Opinion and Order entered October 22, 2025, the Court dismissed those claims and explicitly denied Kenyatta leave to file an amended complaint to bring claims against Rowson under the Lanham Act because that statute was "plainly inapplicable." ECF No. 9, at 2. Nevertheless, Kenyatta has now filed an Amended Complaint alleging that Rowson's conduct violated the Lanham Act because it caused harm to his trademarked brands and professional reputation. *See* ECF No. 10 ("Am. Compl.").

      Kenyatta's filing violates the Court's prior Order and is improper for that reason alone. In any event, the Amended Complaint still fails to state claims under the Lanham Act for the reasons the Court previously identified. Kenyatta alleges that certain statements by Rowson violated 15 U.S.C. § 1125(a)(1)(B) because they were "false and misleading representations that disparage [his] goods, services and commercial reputation." Am. Compl. ¶ 19. But the statute requires that a defendant who makes a false or misleading representation of fact do so "in commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). And again, the Amended

Complaint does not allege that Rowson made her statements in a commercial context.

Kenyatta also alleges that Rowson's statements violate 15 U.S.C. § 1125(c) because they dilute and/or tarnish the reputation and goodwill of his trademarks. There are multiple problems with that theory. First, to invoke this provision, a plaintiff must own a "famous mark," which is "widely recognized by the general consuming public of the United States." 15 U.S.C. § 1125(c)(2)(A). But the Amended Complaint provides no factual support to infer that Kenyatta's alleged marks are famous beyond the entirely conclusory allegation that they are "recognized in the entertainment and apparel industries." Am. Compl. ¶ 33. Second, Section 1125(c) requires that an infringing defendant "commence[] use of a mark or trade name in commerce," *id.* § 1125(c)(1), and there is no allegation Rowson used Kenyatta's trademarks at all, let alone, as discussed above, in a commercial context. Finally, even if Rowson did use the marks, the statute contains a provision explicitly immunizing from suit "any noncommercial use of a mark" or fair "use in connection with . . . identifying and . . . criticizing or commenting upon the famous mark owner." *Id.* § 1125(c)(3).

In sum, Kenyatta may not use the alleged incidental effects of Rowson's alleged statements on his trademarks to invoke the jurisdiction of the federal courts through the Lanham Act, when he does not — and cannot — allege that Rowson made her statements in a commercial context. The Court reiterates that Kenyatta's federal claims are DISMISSED with prejudice, and he may not refile or amend them again in this Court. (He remains welcome, however, to refile his state-law claims in New York state court.) If Kenyatta files another amended complaint in this Court, sanctions may be imposed.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus

denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 12, 2025
       New York, New York

                                      JESSE M. FURMAN
                                  United States District Judge